UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD ROE,<br><br>Plaintiff,<br>v.<br><br>THE HOTCHKISS SCHOOL,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL NO. 3:18-CV-01701-VAB<br><br><br><br><br><br><br>DECEMBER 20, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....... ii

I. INTRODUCTION ....... 1

II. THE PLAINTIFF'S ALLEGATIONS ....... 1

III. LEGAL STANDARD FOR DISMISSAL ....... 2

IV. THE MOTION TO DISMISS SHOULD BE GRANTED ....... 3

A. The Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed ....... 3

1. Alleged Sexual Misconduct Cannot be Imputed to the School to Establish Extreme and Outrageous Conduct Sufficient To Support a Claim of Intentional Infliction of Emotional Distress ....... 5

2. Nonfeasance or Failure to Act is Insufficient to Support a Claim of Intentional Infliction of Emotional Distress ....... 6

B. The Plaintiff's Breach of Fiduciary Duty Claim Should Be Dismissed ....... 8

1. The Mere Fact that the Plaintiff Was A Boarding School Student Does Not Establish a Fiduciary Duty Under Connecticut Law ....... 9

2. Although a Fiduciary Duty May Exist in Limited Circumstances Where a School Knows and Encourages a Special Relationship Between its Staff and its Students, the Plaintiff Has Not Alleged Any Such Facts ....... 11

V. CONCLUSION ....... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A-G Foods, Inc. v. Pepperidge Farm, Inc.*,
216 Conn. 200 (1990) ........ 6

*Abate v. Circuit-Wise, Inc.*,
130 F. Supp. 2d 341 (D. Conn. 2001) ........ 5, 6, 7

*Appleton v. Board of Educ.*,
254 Conn. 205 (2000) ........ 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 2, 3

*Bass v. Miss Porter's Sch.*,
738 F. Supp. 2d 307 (D. Conn. 2010) ........ 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 2, 3, 8, 9

*Biller Assocs. v. Peterken*,
269 Conn. 716 (2004) ........ 9, 10

*Braswell v. Cmty. Solutions, Inc.*,
2012 U.S. Dist. LEXIS 188319 (D. Conn. Aug. 27, 2012) ........ 4, 6

*Brown v. Housing Auth.*,
23 Conn. App. 524 (1990) ........ 6

*Brownville v. Indian Mtn. Sch.*,
No. 3:14-cv-1472 (JBA), 2017 U.S. Dist. LEXIS 139891 (D. Conn. Aug. 29, 2017) ........ 11, 12

*Carrol v. Allstate Ins. Co.*,
262 Conn. 433 (2003) ........ 3, 4, 6

*Cornelius v. Dep't of Banking*,
94 Conn. App. 547, cert. denied, 278 Conn. 913 (2006) ........ 5

*Doe v. Norwich Roman Cath. Dioc. Corp.*,
No. X07-CV-085029882S, 2010 WL 3720144 (Conn. Super. Ct. Sep. 2, 2010) ........ 5

*Doe v. Norwich Roman Cath. Diocesan Corp.*,
268 F. Supp. 2d 139 (D. Conn. 2003) ........ 4, 5, 6

*Dyson v. Colon*,
No. CV106016063S, 2011 Conn. Super. LEXIS 2401 (Conn. Super. Ct. Sept. 15, 2011) ........ 8

*Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*,
552 F. App'x 13 (2d Cir. 2014) ........ 9

*Gagnon v. Housatonic Valley Tourism Dist. Comm'n*,
92 Conn. App. 835 (2006) ........ 4

*Giard v. Town of Putnam*,
2008 WL 5481273 (Conn. Super. Dec. 3, 2008) ........ 7

*Gutierrez v. Thorne*,
13 Conn. App. 493 (1988) ........ 6

*Hearns v. Waterbury Hospital*,
66 Conn. 98 (1895) ........ 5

*Kaya v. New London*,
Docket No. KNLCV054004203, 2010 Conn. Super. LEXIS 3227 (Conn. Super. Dec. 20, 2010) ........ 7

*Kilduff v. Cosential, Inc.*,
289 F. Supp. 2d 12 (D. Conn. 2003) ........ 7

*Knelman v. Middlebury College*,
570 Fed. Appx. 66 (2d Cir. 2014) ........ 10

*Larsen Chelsey Realty Co. v. Larsen*,
232 Conn. 480 (1995) ........ 5

*Martinelli v. Bridgeport Roman Cath. Dioc. Corp.*,
10 F. Supp. 2d 138 (D. Conn. 1998) ........ 11

*Montanez v. D&D Auto, LLC*,
No. 3:15-cv-397, 2016 U.S. Dist. LEXIS 40911 (D. Conn. Mar. 29, 2016) ........ 3

*Pawlowski v. Delta Sigma Phi*,
No. CV030484661S, 2009 Conn. Super. LEXIS 170 (Conn. Super. Ct. Jan. 23, 2009) ........ 10

*Sherwood v. Danbury Hosp.*,
278 Conn. 163 (2006) ........ 9, 11

*Tracy v. New Milford Public Schools*,
101 Conn. App. 560 (2007) ........ 8

*Williams v. Cmty. Solutions, Inc.*,
932 F. Sup. 2d 323, 337-38 (D. Conn. 2013) ........ 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........ 2

## I. INTRODUCTION

The Hotchkiss School respectfully submits this memorandum of law in support of its motion for to dismiss the Plaintiff's Fourth Claim for Relief (Intentional Infliction of Emotional Distress) and Fifth Claim for Relief (Breach of Fiduciary Duty).

The Plaintiff's claim for intentional infliction of emotional distress should be dismissed because the alleged acts of sexual abuse by the School's employee are beyond the scope of employment and thus do not constitute conduct that is imputable to the School. Moreover, under Connecticut law, nonfeasance or a failure to act does not constitute extreme and outrageous conduct as a matter of law. As such, this claim cannot be sustained.

The Plaintiff's fiduciary duty claim should also be dismissed because, under well-established Connecticut law, the relationship of a student and a school is not fiduciary in nature. Nor has the Plaintiff alleged any facts that would support a finding that a fiduciary relationship existed between the Plaintiff and the School. As such, the breach of fiduciary duty claim fails to state a claim upon which relief may be granted and should be dismissed. For these reasons and the reasons set forth more fully below, this motion to dismiss should be granted.

## II. THE PLAINTIFF'S ALLEGATIONS

Hotchkiss is a private boarding school in Lakeville, Connecticut. (Compl., Doc. 1 at ¶ 1). Plaintiff alleges that he attended the School in the 1990s when he was 15 years old. (*Id.* ¶¶ 2, 12). The Plaintiff alleges that when he was entrusted to the School's care and supervision, a teacher, Roy G. Smith, inappropriately touched him on several occasions. (*Id.* ¶¶ 3, 46-50.) The Plaintiff also alleges that, on one occasion in April of

the Plaintiff's junior year of high school, Smith drugged and sexually assaulted him. (*Id.* ¶¶ 53-62.)

The Plaintiff alleges that Hotchkiss knew or should have known that certain of its employees, including Smith, "exhibited classic pedophilic and predatory behavior . . . ." (*Id.* ¶ 20.) The Plaintiff has asserted claims for negligence, recklessness, negligent infliction of emotional distress, intentional infliction of emotional distress, and breach of fiduciary duty. (*Id.* ¶¶ 68-109.) This motion addresses only the intentional infliction of emotional distress and breach of fiduciary duty claims.

With respect to the intentional infliction of emotional distress claim, the Plaintiff alleges that the School "intended to inflict emotional distress or it knew or should have known that emotional distress was the likely result of its conduct," and that the School's conduct was "extreme and outrageous" and the cause of the Plaintiff's distress, which he alleges was severe. (*Id.* ¶¶ 101-04.)

With respect to the breach of fiduciary duty claim, the Plaintiff alleges that a fiduciary duty existed between the School and the Plaintiff. (*Id.* ¶ 106.) He further conclusorily alleges that Hotchkiss advanced its own interests to the detriment of the Plaintiff, and that the Plaintiff sustained damages that were proximately caused by Hotchkiss's breach of fiduciary duty. (*Id.* ¶¶ 107-09.)

## III. LEGAL STANDARD FOR DISMISSAL

A complaint will survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 557; *Montanez v. D&D Auto, LLC*, No. 3:15-cv-397, 2016 U.S. Dist. LEXIS 40911, at *7 (D. Conn. Mar. 29, 2016). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citations and internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79. The intentional infliction of emotional distress and breach of fiduciary duty claims do not meet this standard and should be dismissed.

## IV. THE MOTION TO DISMISS SHOULD BE GRANTED

### A. The Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed.

The Plaintiff's intentional infliction of emotional distress claim should be dismissed. To state a claim for intentional infliction of emotional distress, a plaintiff must allege:

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his

> conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . .

*Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 443 (2003).

Under Connecticut law, "[w]hether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. Only where reasonable minds disagree does it become an issue for the jury." *Appleton* v. *Board of Educ.*, 254 Conn. 205, 210 (2000). In exercising its gatekeeping function, "the court is not fact finding, but rather it is making an assessment whether, as a matter of law, the alleged behavior fits the criteria required to establish a claim premised on intentional infliction of emotional distress." *Gagnon v. Housatonic Valley Tourism Dist. Comm'n*, 92 Conn. App. 835, 847 (2006) (internal quotation marks omitted).

To the extent that the Plaintiff's claim for intentional infliction of emotional distress relies on the alleged sexual misconduct of Smith, this claim fails as a matter of law because, as shown below, the alleged misconduct falls outside of the scope of employment and cannot be imputed to the School. *See, e.g.*, *Doe v. Norwich Roman Cath. Diocesan Corp.*, 268 F. Supp. 2d 139, 142 (D. Conn. 2003). Moreover, to the extent that the Plaintiff relies on a theory that the School's failure to act was extreme and outrageous, Connecticut law is clear that such nonfeasance does not constitute conduct that can support a claim of intentional infliction of emotional distress. *See, e.g.*, *Braswell* v. *Cmty. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 188319 at *38-39 (D. Conn. Aug. 27, 2012). Absent any evidence of Hotchkiss's "extreme and outrageous" conduct, the Plaintiff's intentional infliction claim fails as a matter of law.

### 1. *Alleged Sexual Misconduct Cannot be Imputed to the School to Establish Extreme and Outrageous Conduct Sufficient To Support a Claim of Intentional Infliction of Emotional Distress*.

Connecticut law is clear that, under the doctrine of *respondeat superior*, an employer is only held liable for the intentional acts of his employees when the employee "is acting within the scope of his employment and in furtherance of the employer's business . . . ." *Cornelius v. Dep't of Banking*, 94 Conn. App. 547, 557, *cert. denied*, 278 Conn. 913 (2006). This doctrine is founded on the principle that "he who expects to derive advantage from an act which is done by another for him, must answer for any injury which a third person may sustain from it." *Hearns v. Waterbury Hospital*, 66 Conn. 98, 106 (1895). Stated differently, when an employee chooses to act outside of the scope of his employment, he ceases to represent his employer. As a corporation is a distinct legal entity that can only act through its authorized agents, it cannot be held liable for its agent's conduct that falls outside of the scope of employment. *Larsen Chelsey Realty Co. v. Larsen*, 232 Conn. 480, 505-06 (1995).

In the context of sexual abuse cases, Connecticut courts have consistently rejected claims of *respondeat superior* liability against employers for the misconduct of their employees. *Doe v. Norwich Roman Cath. Dioc. Corp.*, No. X07-CV-085029882S, 2010 WL 3720144, at *2 (Conn. Super. Ct. Sep. 2, 2010) (holding that the majority of courts have rejected *respondeat superior* claims in cases alleging sexual abuse). Courts have reasoned that "[c]ases of sexual abuse represent such a strong deviation from furthering an employer's business." *Doe v. Norwich Roman Cath. Dioc. Corp.*, 268 F. Supp. 2d at 142. Thus, these types of vicarious liability claims are appropriately the subject of motions to dismiss. *See, e.g.*, *Abate v. Circuit-Wise, Inc.*, 130 F. Supp. 2d 341, 347 (D. Conn. 2001) (dismissing assault and battery claim because "[i]t is well

settled under Connecticut law that an employer is not vicariously liable for the intentional torts committed by an employee . . . .") (citing *A-G Foods, Inc. v. Pepperidge Farm, Inc.*, 216 Conn. 200, 208 (1990); *Brown v. Housing Auth.*, 23 Conn. App. 524 (1990)). Where, as here, sexual misconduct by an employee is alleged, the employer cannot be held vicariously liable in tort for the alleged misconduct by an employee who was acting outside the scope of employment. *Id.*

The Plaintiff has alleged that Smith drugged and raped him. Because that alleged conduct constitutes a strong deviation from Hotchkiss's business, all of it falls outside the scope of employ. *Doe v. Norwich Roman Cath. Dioc. Corp*., 268 F. Supp. 2d at 142 (sexual abuse "represent[s] such a strong deviation from furthering an employer's business"); *see also Gutierrez v. Thorne*, 13 Conn. App. 493, 499 (1988) ("[I]t is clear that [the defendant's employee] was not furthering the defendant's business interests when he sexually assaulted the plaintiff."). Put another way, if Smith engaged in the conduct that the Plaintiff alleges, he ceased to represent Hotchkiss when he did so. Thus, the alleged misconduct of Smith cannot be imputed to Hotchkiss to form the basis of a claim of intentional infliction of emotional distress against the School.

#### 2. ***Nonfeasance or Failure to Act is Insufficient to Support a Claim of Intentional Infliction of Emotional Distress*.**

The Plaintiff's claim that Hotchkiss intentionally inflicted emotional distress on him by failing to act is also insufficient as a matter of law. "Connecticut courts have been unwilling to hold defendants liable for nonfeasance or failure to intercede . . . ." *Braswell*, 2012 U.S. Dist. LEXIS 188319 at *38. Specifically, courts have denied intentional infliction of emotional distress claims when those claims were founded upon inaction. *Carrol*, 262 Conn. at 443-44 (reversing jury award on intentional infliction of emotional

distress claim based on defendant's failure to investigate); *Kaya v. New London*, Docket No. KNLCV054004203, 2010 Conn. Super. LEXIS 3227, at *30-31 (Conn. Super. Dec. 20, 2010) (lack of affirmative conduct fatal to claim of intentional infliction of emotional distress claim).

This principle remains true even in situations in which the defendant knew or had reason to know that misconduct or harm was occurring or was likely to occur. *Giard v. Town of Putnam*, 2008 WL 5481273, at *10-11 (Conn. Super. Dec. 3, 2008) (intentional infliction of emotional distress claim insufficient where defendant guidance counselor failed to stop student's suicide, despite student's announcement that he was going to kill himself). Moreover, courts have specifically rejected intentional infliction of emotional distress claims made against organizations that allegedly failed to investigate or respond to incidents of sexual abuse or harassment. *Williams v. Cmty. Solutions, Inc.*, 932 F. Sup. 2d 323, 337-38 (D. Conn. 2013) (failure to investigate sexual assaults by staff was insufficient to support IIED claim); *Kilduff v. Cosential, Inc.*, 289 F. Supp. 2d 12, 22 (D. Conn. 2003) (CEO's failure to respond to plaintiff's complaint of ongoing, serious sexual harassment by her supervisor insufficient to support IIED claim); *see also Abate*, 130 F. Supp. 2d at 348 (defendant's failure to prevent sexual harassment does not rise to the level of intentional, extreme and outrageous conduct that would support IIED claim). Accordingly, even when a defendant fails to act in the face of a known harm, such inaction is insufficient to support a claim for intentional infliction of emotional distress.

Perhaps in an attempt to circumvent this case law, the Plaintiff alleges that Hotchkiss's affirmative acts in housing Smith and allowing him unsupervised access to

children "created, and exposed Richard to, a known high degree of risk of harm." (Compl. ¶¶ 38, 75.) However, the Plaintiff does ***not*** allege that Hotchkiss's affirmative acts of essentially employing Smith as a teacher at the School and allowing him access to students were specifically intended to cause emotional distress upon the Plaintiff. The absence of those allegations is fatal to the Plaintiff's claim. In *Dyson v. Colon*, No. CV106016063S, 2011 Conn. Super. LEXIS 2401 (Conn. Super. Ct. Sept. 15, 2011), the court granted a motion to strike an intentional infliction of emotional distress claim, reasoning that "[a]n allegation that Colon permits outrageous conduct to occur which results in emotional distress, is not the same as an allegation that Colon affirmatively acted outrageously with the intent to cause the resulting emotional distress. While the latter may be sufficient to survive a motion to strike, the former, which the plaintiff has set forth, is not legally sufficient to state a claim for intentional infliction of emotional distress." *Id.* at *11 (citing *Tracy v. New Milford Public Schools*, 101 Conn. App. 560, 569 (2007)).

The same result is warranted here, where the Plaintiff does not allege that Hotchkiss affirmatively acted outrageously by hiring Smith as a teacher and allowing him access to Hotchkiss students with the intent to cause the Plaintiff harm. Rather, the Plaintiff essentially alleges that Hotchkiss failed to act to prevent Smith from abusing him and merely offers "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 557. This is insufficient. For all of these reasons, the intentional infliction of emotional distress claim should be dismissed.

### B. The Plaintiff's Breach of Fiduciary Duty Claim Should Be Dismissed.

A fiduciary duty is a specific legal obligation that arises only in special and unique relationships. Although it is undisputed that all schools have the duty of care to protect

and provide for their students, a fiduciary duty is based not on the duty of care, but rather the duty of loyalty and honesty. *Sherwood v. Danbury Hosp*., 278 Conn. 163, 196 (2006). With these principles in mind, Connecticut courts have consistently held that the relationship of a school and its students is not, on its own, fiduciary in nature. Additionally, although a school may owe a fiduciary duty to a student under certain limited circumstances, no such facts have been alleged here.

The Plaintiff's complaint fails to set forth any specific facts that would support the existence of a fiduciary relationship. Instead, the Plaintiff merely recites the formulaic standard of a fiduciary duty claim. The Plaintiff alleges that "[a] fiduciary relationship existed between Hotchkiss and Richard Roe which gave rise to (a) a duty of loyalty on the part of Hotchkiss to Richard, (b) an obligation on the part of Hotchkiss to act in the best interests of Richard, and (c) an obligation on the part of Hotchkiss to act in good faith in any manner relating to Richard" and that "Hotchkiss advanced its own interests to the detriment of the plaintiff." (Compl. ¶¶ 106-07.) These allegations consist of nothing more than "labels and conclusions that reflect formulaic recitations of the elements of a cause of action." *Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 15 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Plaintiff does not allege facts that would support the existence of a fiduciary relationship between himself and the School. Accordingly, the breach of fiduciary duty claim should be dismissed.

#### 1. ***The Mere Fact that the Plaintiff Was A Boarding School Student Does Not Establish a Fiduciary Duty Under Connecticut Law***.

The question of whether a fiduciary duty exists between individuals is a matter of law. *Biller Assocs. v. Peterken*, 269 Conn. 716, 721-22 (2004). "Only if a duty is found to

exist does the trier of fact go on to determine whether the defendant has violated that duty." *Id.*

Connecticut courts have uniformly held that, notwithstanding daily and direct interaction with their students, schools do ***not*** owe fiduciary duties to their students. *See, e.g., Bass v. Miss Porter's Sch.*, 738 F. Supp. 2d 307, 330-31 (D. Conn. 2010); *Pawlowski v. Delta Sigma Phi*, No. CV030484661S, 2009 Conn. Super. LEXIS 170, at *17 (Conn. Super. Ct. Jan. 23, 2009) ("[S]ince the late 1970s, the general rule is that no special relationship exists between a college and its own students because a college is not an insurer of the safety of its students."); *accord Knelman v. Middlebury College*, 570 Fed. Appx. 66, 68 (2d Cir. 2014) ("While schools, colleges, and educators assume the responsibility of educating their students, the law does not recognize the existence of a special relationship for purposes of a breach of fiduciary duty claim.") (applying Vermont law but citing *Bass*).

In *Bass*, this Court concluded that "research has not revealed a single case in any state or federal court within the Second Circuit holding or even suggesting that a secondary school—public or private, boarding or day-session—or its employees owe a fiduciary duty to its students." *Bass*, 738 F. Supp. 2d at 330. The Court declined to find that a fiduciary relationship between the school and its student existed despite the fact that the plaintiff was a minor child in a boarding school and the defendant was "expected to provide care, supervision, and protection at all times." *Id.* Hotchkiss similarly knows of no case law in Connecticut that supports the proposition that boarding schools owe fiduciary obligations to all of their students. Accordingly, the

Plaintiff's bare assertion that a fiduciary relationship existed, without the support of a factual basis, fails as a matter of law.

The cases in which Connecticut courts have found a breach of fiduciary duty have involved fraud, self-dealing, or conflict of interest. *Sherwood*, 278 Conn. at 196 (affirming summary judgment on breach of fiduciary duty claim because, "beyond her contention that the defendant should have warned her of the risks of the [blood] transfusion and failed to do so, the Plaintiff has not alleged any facts that would support a claim of fraud, self-dealing, conflict of interest or the like"). Here, the Plaintiff has similarly not alleged any facts that would support a claim of fraud, self-dealing, or conflict of interest. The claim should be dismissed.

#### 2. *Although a Fiduciary Duty May Exist in Limited Circumstances Where a School Knows and Encourages a Special Relationship Between its Staff and its Students, the Plaintiff Has Not Alleged Any Such Facts.*

Despite the general rule that a relationship between a school and its students is not fiduciary in nature, a fiduciary duty may exist in limited circumstances. In *Martinelli v. Bridgeport Roman Cath. Dioc. Corp.*, 10 F. Supp. 2d 138 (D. Conn. 1998), the court upheld a jury's finding that a fiduciary duty existed between the Diocese and a minor student. *Id.* at 140. The court held that a fiduciary relationship existed because the Diocese had knowledge of a special relationship between one of its priests and a student and affirmatively encouraged that relationship by sponsoring field trips and enlisting the priest as a chaperone. *Id.* at 154, 156.

More recently, this Court (Arterton, J.) granted summary judgment on a breach of fiduciary duty claim brought by a former student against a private boarding school. *See Brownville v. Indian Mtn. Sch.*, No. 3:14-cv-1472 (JBA), 2017 U.S. Dist. LEXIS 139891,

at *17-18 (D. Conn. Aug. 29, 2017). As here, the plaintiff in *Brownville* alleged that the defendant school had a fiduciary duty to protect its students from sexual abuse by a teacher. The Court concluded that the fiduciary duty claim failed because (1) under Connecticut law, there is no *per se* fiduciary relationship between a school and its students, and (2) there was no evidence for "a jury [to] reasonably find that the school was aware of, or encouraged, the abusive relationship that arose between [the plaintiff] and [the abusing teacher]." *Id.* at *18-19.

Under this knowledge and encouragement standard, Plaintiff's fiduciary duty claim fails. The Plaintiff has not alleged that he held a special relationship of trust and confidence with any Hotchkiss employee. Nor has the Plaintiff alleged that the School had knowledge of a special relationship between him and Smith or that the School encouraged such a relationship. Accordingly, this claim fails to meet the limited fiduciary exception set forth in *Martinelli.* For this additional reason, the breach of fiduciary duty claim should be dismissed.

## V. CONCLUSION

For all of the foregoing reasons, this motion should be granted and the Fourth and Fifth Claims for Relief should be dismissed.

**DEFENDANT,**
**THE HOTCHKISS SCHOOL**

*By: /s/ Bradford S. Babbitt*

Bradford S. Babbitt (ct13938)
Jeffrey J. White (ct25781)
Kathleen E. Dion (ct28605)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: *bbabbitt@rc.com; jwhite@rc.com; kdion@rc.com*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 20th day of December, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Bradford S. Babbitt*
Bradford S. Babbitt