UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD ROE, | : | CIVIL NO. 3:18-CV-01701-VAB |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| THE HOTCHKISS SCHOOL, | : | |
| | : | |
| Defendant. | : | FEBRUARY 7, 2019 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................ii

I.  THE MOTION TO DISMISS SHOULD BE GRANTED ........................................ 1

    A.  The Plaintiff's Intentional Infliction of Emotional Distress Claim
        Should Be Dismissed ................................................................................ 1

        1.  Alleged Sexual Misconduct of a Minor Cannot Be Imputed to
            the School to Establish Extreme and Outrageous Conduct
            Sufficient To Support a Claim of Intentional Infliction of
            Emotional Distress .......................................................................... 1

        2.  Nonfeasance or Failure to Act is Insufficient to Support a
            Claim of Intentional Infliction of Emotional Distress ........................ 6

    B.  The Plaintiff's Breach of Fiduciary Duty Claim Should Be Dismissed ....... 7

II.  CONCLUSION ................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abate v. Circuit-Wise, Inc.*,
130 F. Supp. 2d 341 (D. Conn. 2001) ...................................................................... 6

*A-G Foods, Inc. v. Pepperidge Farm, Inc.*,
216 Conn. 200 (1990) ............................................................................................ 1

*Bass v. Miss Porter's School*,
738 F. Supp. 2d 307 (D. Conn. 2010) ...................................................................... 9

*Braswell* v. *Cmty. Solutions, Inc.*,
No. 3:11-CV-01043 (JCH), 2012 U.S. Dist. LEXIS 188319 (D. Conn.
Aug. 27, 2012) ....................................................................................................... 6

*Brownville v. Indian Mtn. Sch.*,
No. 3:14-cv-1472 (JBA), 2017 U.S. Dist. LEXIS 139891 (D. Conn. Aug.
29, 2017) ............................................................................................................... 8

*Carrol v. Allstate Ins. Co.*,
262 Conn. 433 (2003) ............................................................................................ 6

*Chambers v. City of Middletown*,
No. MMXCV146011312, 2015 Conn. Super. LEXIS 123 .......................................... 9

*Cornelius v. Dep't of Banking*,
94 Conn. App. 547, *cert. denied*, 278 Conn. 913 (2006) .......................................... 1

*Doe v. Norwich Roman Cath. Dioc. Corp.*,
268 F. Supp. 2d 139 (D. Conn. 2003) ................................................................. 2, 5

*Doe v. Norwich Roman Catholic Dioc. Corp.,*
309 F. Supp. 2d 247 (D. Conn. 2004) ..................................................................... 5

*Doe v. Norwich Roman Cath. Dioc. Corp.*,
No. KNLCV146021601S, 2015 Conn. Super. LEXIS 2565 (Conn.
Super. Ct. Oct. 14, 2015) ....................................................................................... 8

*Doe v. Norwich Roman Cath. Dioc. Corp.*,
No. X07-CV-085029882S, 2010 Conn. Super. LEXIS 2114 (Conn.
Super. Ct. Sept. 2, 2010) ................................................................................. 2, 4, 5

*Doe v. Terwilliger*,
No. CV095024692S, 2010 Conn. Super. LEXIS 1597 (Conn. Super.
Ct. June 8, 2010) ........................................................................................ 9, 10

*Dumais v. Hartford Roman Cath. Dioc.*,
No. X07CV010077631S, 2002Conn. Super. LEXIS 2682 (Conn. Super.
Ct. July 31, 2002)............................................................................................ 3

*Durso v. A.D. Cozzolino, Inc.*,
128 Conn. 24 (1941) ........................................................................................ 2

*Dyson v. Colon*,
No. CV106016063S, 2011 Conn. Super. LEXIS 2401 (Conn. Super.
Ct. Sept. 15, 2011)........................................................................................... 7

*Giard v. Town of Putnam*,
No. CV085002754S, 2008 WL 5481273 (Conn. Super. Dec. 3, 2008)...................... 6

*Golek v. Saint Mary's Hosp., Inc.*,
133 Conn. App. 182, 198 (2012).......................................................................... 8

*Gutierrez v. Thorne*,
13 Conn. App. 493 (1988)............................................................................. 2, 5

*Kaya v. New London*,
No. KNLCV054004203, 2010 Conn. Super. LEXIS 3227
(Conn. Super. Dec. 20, 2010) ............................................................................ 6

*Kilduff v. Cosential, Inc.*,
289 F. Supp. 2d 12 (D. Conn. 2003) .................................................................... 6

*Levitz v. Jewish Home for the Aged, Inc.*,
156 Conn. 193 (1968) ....................................................................................... 2

*Martinelli v. Bridgeport Roman Cath. Dioc. Corp.*,
989 F. Supp. 110 (D. Conn. 1998) .................................................................. 4, 8

*Martinelli v. Bridgeport Roman Cath. Dioc. Corp.*,
196 F.3d 409 (3d Cir. 1999).......................................................................... 7, 8

*Mullen v. Horton*, 46 Conn. App. 759 (1997) .............................................................. 3, 4

*Reed v. Zizka*,
No. CV 950555221S, 1998 Conn. Super. LEXIS 620 (Conn. Super. Ct.
Mar. 5, 1998) ............................................................................................... 2, 4

*Sparano v. Daughters of Wisdom, Inc.*,

No. X08CV030199399, 2004 Conn. Super. LEXIS 1808 (Conn. Super.
Ct. July 1, 2004) ................................................................................................ 2

*Pawlowski v. Delta Sigma Phi*,
No. CV030484661S, 2009 Conn. Super. LEXIS 170
(Conn. Super. Ct. Jan. 23, 2009) ...................................................................... 9

*Tichenor v. Roman Cath. Church of New Orleans*,
32 F.3d 953 (5th Cir. 1994) ............................................................................... 4

*Tracy v. New Milford Public Schools*,
101 Conn. App. 560 (2007) ............................................................................... 7

*Williams v. Cmty. Solutions, Inc.*,
932 F. Supp. 2d 323, 337-38 (D. Conn. 2013) ................................................. 6

*Wolf v. Sulik*, 93 Conn. 431 (1919) ............................................................................ 2

The Hotchkiss School respectfully submits this reply memorandum of law in further support of its motion for to dismiss the Plaintiff's Fourth Claim for Relief (Intentional Infliction of Emotional Distress) and Fifth Claim for Relief (Breach of Fiduciary Duty). The Plaintiff has failed to allege facts adequate to plead the elements of a claim for intentional infliction of emotional distress and for breach of fiduciary duty. For the reasons set forth herein and in the School's initial memorandum, the motion to dismiss should be granted.

## I.     THE MOTION TO DISMISS SHOULD BE GRANTED

### A.     The Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed.

#### 1.     *Alleged Sexual Misconduct of a Minor Cannot Be Imputed to the School to Establish Extreme and Outrageous Conduct Sufficient To Support a Claim of Intentional Infliction of Emotional Distress*.

The Plaintiff claims that Smith's alleged sexual abuse of him when he was a minor constitutes extreme and outrageous conduct that is imputable to the School to satisfy the elements of his intentional infliction of emotional distress claim against the School. The Plaintiff is wrong.

The Plaintiff does not dispute that, under the doctrine of *respondeat superior*, an employer may only be held liable for the intentional acts of his employees when the employee "is acting within the scope of his employment and in furtherance of the employer's business . . . ." *Cornelius v. Dep't of Banking*, 94 Conn. App. 547, 557, *cert. denied*, 278 Conn. 913 (2006); *A-G Foods, Inc. v. Pepperidge Farm, Inc.*, 216 Conn. 200, 210 (1990).

> "The underlying rationale of the modern doctrine of *respondeat superior* . . . is that 'every man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not

injured by any breach of legal duty on the part of such others ***while they are engaged upon his business*** and within the scope of their authority.'" *Wolf v. Sulik*, 93 Conn. 431, 436 (1919); *Durso v. A.D. Cozzolino, Inc.*, 128 Conn. 24, 27 (1941)).  But, ***it must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered*** in order for the doctrine to apply."

*Gutierrez v. Thorne*, 13 Conn. App. 493, 498 (1988) (emphasis in original). "'In the course of employment' means while engaged in the service of the master, and it is ***not*** synonymous with the phrase 'during the period covered by his employment.'" *Id.* at 499 (emphasis added) (dismissing *respondeat superior* claim because the defendant's employee "was not furthering the defendant's business interests when he sexually assaulted the plaintiff. He was engaging in criminal conduct which had no connection to the defendant's business . . . .") (quoting *Levitz v. Jewish Home for the Aged, Inc.*, 156 Conn. 193, 198 (1968)).

"Courts of this state have held as a matter of law that when the tortfeasor-employee's activity with the alleged victim became sexual, the employee abandoned and ceased to further the employer's business." *Reed v. Zizka*, No. CV 950555221S, 1998 Conn. Super. LEXIS 620, at *7-8 (Conn. Super. Ct. Mar. 5, 1998); *see also Doe v. Norwich Roman Cath. Dioc. Corp.*, No. X07-CV-085029882S, 2010 Conn. Super. LEXIS 2114, at *5 (Conn. Super. Ct. Sept. 2, 2010) (holding that the majority of courts have rejected *respondeat superior* claims in cases alleging sexual abuse).

"Even at the pleading stage, Connecticut courts have dismissed claims of *respondeat superior* in cases of sexual abuse . . . because as a matter of law, those acts did not further the interests of the [employer]." *Doe v. Norwich Roman Cath. Dioc. Corp.*, 268 F. Supp. 2d 139, 142 (D. Conn. 2003) (citations omitted); *see also Sparano v. Daughters of Wisdom, Inc.,* No. X08CV030199399, 2004 Conn. Super. LEXIS 1808,

at *10-11 (Conn. Super. Ct. July 1, 2004) (striking vicarious liability claim against order of nuns on the ground that alleged sexually abusive conduct is not within the scope of employment or in furtherance of the employer's business); *Dumais v. Hartford Roman Cath. Dioc.,* No. X07CV010077631S, 2002 Conn. Super. LEXIS 2682 (Conn. Super. Ct. July 31, 2002) (striking vicarious liability claim against archdiocese and church for priest's purported sexual abuse of a minor, on the grounds that such acts were not claimed to have been done to advance or further the church's business). This Court should follow these precedents and hold that Smith's alleged sexual misconduct may not be imputed to the School to serve as a basis for the Plaintiff's intentional infliction of emotional distress claim.

The only two cases cited by the Plaintiff in support of his claim are readily distinguishable. In *Mullen v. Horton*, 46 Conn. App. 759 (1997), the plaintiff was an adult who alleged that she had been sexually exploited by a priest and asserted claims under the doctrine of *respondeat superior* against the religious order of which he was a member. *Id.* at 760-61. The alleged abuser was not only the plaintiff's parish priest but he was also a psychologist in private practice who remitted all of the funds he received from his practice to his order. *Id.* at 761. The plaintiff alleged that the priest had sexually exploited her while providing pastoral, spiritual and psychological counseling to her. *Id.* at 761. The Appellate Court ruled that these facts precluded a determination as a matter of law that the sexual exploitation occurred outside the scope of the priest's employment. Importantly, the order employed the priest as a psychologist to provide pastoral counseling and benefited monetarily from the priest's counseling of the plaintiff. *Id.* at 765. In the court's view, the priest's sexual relationship with the plaintiff could be

-3-

found to be a misguided attempt at counseling or even an unauthorized, unethical, tortious method of counseling. *Id.* at 765-66.

"A consensual sexual relationship between two adults arising from church sponsored counseling sessions" is distinguishable from an employee criminally sexually abusing children. *Id.* at 770; *see also Reed*, 1998 Conn. Super. LEXIS 620, at *10 (granting motion to strike vicarious liability claim for alleged sexual abuse of minor and distinguishing *Mullen* on the grounds that the plaintiff was an adult and the priest had not engaged in any criminal conduct, whereas the conduct with respect to the minor plaintiff was criminal). Here, the Plaintiff claims that he was abused when he was a minor, which would amount to criminal conduct by Smith. This distinction alone renders the Plaintiff's reliance on *Mullen* inapt.

The Plaintiff's reliance on *Martinelli v. Bridgeport Roman Cath. Dioc. Corp.*, 989 F. Supp. 110 (D. Conn. 1997), is similarly misplaced. There, the court denied a motion for summary judgment holding that the plaintiff had set forth facts and evidence suggesting that the alleged sexual abuse was directly connected with the administration of sacraments in the context of a broader effort by the abuser to educate and interest the victim in liturgical reform. Yet, the court noted that the plaintiff "will face a daunting burden at trial." *Id.* at 118 (citing *Tichenor v. Roman Cath. Church of New Orleans*, 32 F.3d 953, 960 (5th Cir. 1994) ("It would be hard to imagine a more difficult argument than that Cinel's illicit sexual pursuits were somehow related to his duties as a ***priest*** or that they in any way furthered the interests of St. Rita's, his employer.") (emphasis in original)); *see also Doe*, 2010 Conn. Super. LEXIS 2114, at *10, *12-13 (distinguishing *Martinelli* and granting motion to strike vicarious liability claims where the plaintiff's

complaint was bereft of any facts tying the alleged abuse to any church business and holding that the plaintiff's allegations that the priest was her counselor or spiritual advisor were insufficient to satisfy this requisite legal showing).

Here, the Plaintiff has not alleged (because he cannot) that the alleged abuse was done to advance or further the School's business. There are no allegations that the School benefited in any way from the alleged abuse. *Cf. Doe v. Norwich Roman Catholic Dioc. Corp.*, 309 F. Supp. 2d 247, 252 (D. Conn. 2004) (noting that abuse occurred during counseling sessions intended to increase financial donations to and volunteer time spent on behalf of the church).

The fact that Smith may have counseled the Plaintiff regarding his school work in an effort to groom him or create an opportunity for the alleged abuse to occur does not mean that the alleged abuse was in furtherance of the School's business. *Doe*, 2010 Conn. Super. LEXIS 2114, at *10, *12-13. The Plaintiff alleges that Smith drugged and raped him. This alleged abuse of a minor is criminal conduct that is not within the scope of Smith's employment and not in furtherance of the School's business. *Doe*, 268 F. Supp. 2d at 142; *see also Gutierrez*, 13 Conn. App. at 499 ("[I]t is clear that [the defendant's employee] was not furthering the defendant's business interests when he sexually assaulted the plaintiff."); *Doe*, 2010 Conn. Super. LEXIS 2114, at *8 (holding that allegations of child molestation amount to "a total abdication of the master's work so that the pedophile priest can satisfy personal lust"). For all of these reasons and for the reasons discussed in the School's initial memorandum, the alleged misconduct of Smith cannot be imputed to Hotchkiss to form the basis of a claim of intentional infliction of emotional distress against the School.

2.     ***Nonfeasance or Failure to Act is Insufficient to Support a
       Claim of Intentional Infliction of Emotional Distress***.

The Plaintiff claims that there is "no broad rule that nonfeasance, as a matter of
law, cannot ever support an intentional infliction of emotional distress claim." (Doc. No.
39, at 15.) Yet, the Plaintiff fails to cite a single case in which a Connecticut court has
held that nonfeasance can support an intentional infliction of emotional distress claim.
Accordingly, this Court should follow the cases that have addressed this issue and
decline to hold the School liable for its alleged failure to act. *See, e.g.*, *Williams v. Cmty.
Solutions, Inc.*, 932 F. Supp. 2d 323, 337-38 (D. Conn. 2013) (failure to investigate
sexual assaults by staff was insufficient to support IIED claim); *Kilduff v. Cosential, Inc.*,
289 F. Supp. 2d 12, 22 (D. Conn. 2003) (CEO's failure to respond to plaintiff's complaint
of ongoing, serious sexual harassment by her supervisor insufficient to support IIED
claim); *Abate v. Circuit-Wise, Inc.*, 130 F. Supp. 2d 341, 348 (D. Conn. 2001)
(defendant's failure to prevent sexual harassment does not rise to the level of
intentional, extreme and outrageous conduct that would support IIED claim); *Carrol v.
Allstate Ins. Co.*, 262 Conn. 433, 443-44 (2003) (reversing jury award on intentional
infliction of emotional distress claim based on defendant's failure to investigate);
*Braswell* v. *Cmty. Solutions, Inc.*, No. 3:11-CV-01043 (JCH), 2012 U.S. Dist. LEXIS
188319, at *38 (D. Conn. Aug. 27, 2012) ("Connecticut courts have been unwilling to
hold defendants liable for nonfeasance or failure to intercede . . . ."); *Kaya v. New
London*, No. KNLCV054004203, 2010 Conn. Super. LEXIS 3227, at *30-31 (Conn.
Super. Dec. 20, 2010) (lack of affirmative conduct fatal to claim of intentional infliction of
emotional distress claim); *Giard v. Town of Putnam*, No. CV085002754S, 2008 WL
5481273, at *10-11 (Conn. Super. Dec. 3, 2008) (intentional infliction of emotional

distress claim insufficient where defendant guidance counselor failed to stop student's suicide, despite student's announcement that he was going to kill himself).

Furthermore, as discussed in the School's initial memorandum, the Plaintiff's allegations that the School's affirmative acts in housing Smith and allowing him unsupervised access to children exposed the Plaintiff to a risk of harm and caused the Plaintiff's emotional distress are insufficient to state an intentional infliction of emotion distress claim.[1] The Plaintiff does **not** allege that Hotchkiss's affirmative acts of essentially employing Smith as a teacher at the School and allowing him access to students were specifically intended to cause emotional distress upon the Plaintiff. In the absence of any such allegations, the claim cannot be sustained. *See, e.g.*, *Dyson v. Colon*, No. CV106016063S, 2011 Conn. Super. LEXIS 2401 (Conn. Super. Ct. Sept. 15, 2011) (granting motion to strike intentional infliction of emotional distress claim because the plaintiff affirmatively acted outrageously with the intent to cause the resulting emotional distress) (citing *Tracy v. New Milford Public Schools*, 101 Conn. App. 560, 569 (2007)). The intentional infliction of emotional distress claim should be dismissed.

### B.    The Plaintiff's Breach of Fiduciary Duty Claim Should Be Dismissed.

The Plaintiff has not set forth any valid reason that his breach of fiduciary duty claim should survive this motion. The Plaintiff claims that his breach of fiduciary duty claim should survive because this case is similar to *Martinelli v. Bridgeport Roman Cath. Dioc. Corp.*, 196 F.3d 409 (3d Cir. 1999). (Doc. No. 39, at 17.) However, the Connecticut Appellate Court has stated that it knows of no case to support the

---

[1]    The Plaintiff also argues that the School's alleged "affirmative acts" include the alleged failure to adopt student safety policies, procedures and practices and the alleged failure to violate state reporting laws. (*See* Doc. No. 39, at 17-18.) But these are clearly alleged acts of nonfeasance as opposed to affirmative acts.

proposition that the student-teacher relationship, without something more, is fiduciary in nature. *Golek v. Saint Mary's Hosp., Inc.*, 133 Conn. App. 182, 198 (2012). In *Martinelli*, the court upheld the jury's finding of a fiduciary relationship based on the particulars of the plaintiff's ties to the abusive priest and the Diocese's knowledge and sponsorship of that specific relationship, as opposed to relying only the general clergy-parishioner relationship. 196 F.3d at 429; *see also Brownville v. Indian Mtn. Sch.*, No. 3:14-cv-1472 (JBA), 2017 U.S. Dist. LEXIS 139891, at *18-19 (D. Conn. Aug. 29, 2017) (dismissing breach of fiduciary duty claim based on alleged failure to protect students from sexual abuse of teacher, reasoning that there is no *per se* fiduciary relationship between a school and its students and no evidence for a jury to find that the school was aware of or encouraged the abusive relationship between the plaintiff and the teacher). Here, the Plaintiff has not alleged that he had a special relationship of trust and confidence with any School employee or that the School had knowledge of or encouraged any such relationship. As such, the Plaintiff's claim does not come within the limited exception set forth in *Martinelli*.

In *Doe v. Norwich Roman Cath. Dioc. Corp.*, No. KNLCV146021601S, 2015 Conn. Super. LEXIS 2565 (Conn. Super. Ct. Oct. 14, 2015), the court granted the diocese's motion to strike the plaintiff's breach of fiduciary duty claim where, as here, the plaintiff had not alleged that the defendants authorized or even knew of the relationship between the plaintiff and the alleged abuser. *Id.* at *14. The court acknowledged that a fiduciary relationship might have existed between the alleged abuser (who was not a party to the case) and the plaintiff, but held that the complaint

did not allege facts from which the court could impute such a relationship to the Diocese. *Id.*

The court also noted the district court's opinion in *Bass v. Miss Porter's School*, 738 F. Supp. 2d 307, 330 (D. Conn. 2010), in which the court stated that "research has not revealed a single case in any state or federal court within the Second Circuit holding or even suggesting that a secondary school—public or private, boarding or day-session—or its employees owe a fiduciary duty to its students." *Id.* at *14-15 n.3; *see also Chambers v. City of Middletown*, No. MMXCV146011312, 2015 Conn. Super. LEXIS 123, at *10 (granting motion to strike breach of fiduciary duty claim where, as here, there was "nothing pleaded in the complaint that would convince this court that the relationship between the guidance counselor and the plaintiff should be elevated beyond that of a general student-teacher relationship"); *Pawlowski v. Delta Sigma Phi*, No. CV030484661S, 2009 Conn. Super. LEXIS 170, at *17 (Conn. Super. Ct. Jan. 23, 2009) ("[S]ince the late 1970s, the general rule is that no special relationship exists between a college and its own students because a college is not an insurer of the safety of its students."). There is no reason for this Court to deviate from these holdings.

Finally, *Doe v. Terwilliger*, No. CV095024692S, 2010 Conn. Super. LEXIS 1597 (Conn. Super. Ct. June 8, 2010), is inapposite. There, the plaintiff alleged that the defendant was the "plaintiff's public school coach, mentor and confidant, a position of trust and confidence and superiority by defendant," for a number of years and that the defendant committed acts of abuse against the plaintiff. The court was persuaded to deny the motion to strike and allow "more factual development" to take place, "[g]iven the collaborative nature of the relationship between a public school coach and a

student-athlete, and that the minor plaintiff has alleged that the defendant, her 'mentor and confidant,' engaged in several acts of sexual misconduct and harassment." *Id.* at *11-12. This is quite different from the facts alleged here, where Smith has **not** been named as a defendant. Rather, the Plaintiff seeks to assert a breach of fiduciary duty claim against the School, in the absence of any allegations that would warrant the finding of any such special relationship.

Connecticut courts are clear that a student-school relationship does not rise to the level of a fiduciary relationship without "something more." The Plaintiff has not alleged any specific facts that would support the existence of a fiduciary relationship. Indeed, in his opposition brief, the Plaintiff failed to cite any specific allegations in the Complaint to support his claim. (Doc. No. 39, at 15-19.) The Complaint merely recites the formulaic standard of a fiduciary duty claim. (Compl. ¶¶ 106-07.) This is insufficient. The breach of fiduciary duty claim should be dismissed.

## II.     CONCLUSION

For all of the foregoing reasons and the reasons set forth in the School's initial memorandum, the Fourth and Fifth Claims for Relief should be dismissed.

DEFENDANT,
THE HOTCHKISS SCHOOL

By:   */s/ Bradford S. Babbitt*
          Bradford S. Babbitt (ct13938)
          Jeffrey J. White (ct25781)
          Kathleen E. Dion (ct28605)
          Robinson & Cole LLP
          280 Trumbull Street
          Hartford, CT 06103-3597
          Tel. No.: (860) 275-8200
          Fax No.: (860) 275-8299
          E-mail: *bbabbitt@rc.com; jwhite@rc.com;
          kdion@rc.com*

-10-

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of February, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Bradford S. Babbitt*
Bradford S. Babbitt

-11-