UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD ROE, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO.: 3:18-CV-01701(VAB) |
| | : | |
| -against- | : | |
| | : | |
| THE HOTCHKISS SCHOOL, | : | |
| | : | |
| Defendant. | : | AUGUST 6, 2019 |

**THE HOTCHKISS SCHOOL'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, The Hotchkiss School ("Hotchkiss") hereby answers the Plaintiff's Complaint, dated October 12, 2018, as follows:

1. As to the allegations in Paragraph 1, Hotchkiss admits that it is a private boarding school in Lakeville, Connecticut and that it has always assumed a responsibility to take reasonable and appropriate measures to protect its students. To the extent the allegations in Paragraph 1 state a legal conclusion, no response is required. The remaining allegations in Paragraph 1 are denied.

2. The allegations contained in Paragraph 2 are denied.

3. As to the allegations in Paragraph 3, Hotchkiss admits that Richard Roe was formerly enrolled as a student at Hotchkiss. The remaining allegations in Paragraph 3 are denied.

4. Hotchkiss lacks sufficient information on which to form a belief as to the truth of the allegations in Paragraph 4.

5. Hotchkiss lacks sufficient information upon which to form a belief as to the truth of the allegations in Paragraph 5.

## II. JURISDICTION AND VENUE

6. The allegations in Paragraph 6 state a legal conclusion to which no response is required.

7. Hotchkiss lacks sufficient information on which to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, leaves Plaintiff to his proof.

8. The allegations contained in Paragraph 8 are admitted.

9. As to the allegations in Paragraph 9, Hotchkiss lacks sufficient information on which to form a belief as to the truth of the allegation and, therefore, leaves the Plaintiff to his proof.

10. As to the allegations in Paragraph 10, Hotchkiss admits that its principal place of business is located in this District. As to the remaining allegations in Paragraph 10, Hotchkiss lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

11. To the extent that the allegations in Paragraph 11 state a legal conclusion, no response is required. As to the remaining allegations in Paragraph 11, Hotchkiss lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

## III. PARTIES

12. The allegations in Paragraph 12 are admitted.

13. The allegations in Paragraph 13 are admitted.

## IV.     FACTUAL ALLEGATIONS

14.     As to the allegations in Paragraph 14, Hotchkiss admits that it is a school and that it assumed responsibility to take reasonable and appropriate measures to educate and to provide a safe environment for its students. To the extent the allegations in Paragraph 14 state a legal conclusion, no response is required. The remaining allegations in Paragraph 14 are denied.

15.     As to the allegations in Paragraph 15, Hotchkiss admits that it assumed responsibility to take reasonable and appropriate measures to educate and to provide a safe environment for its students. To the extent the allegations in Paragraph 15 state a legal conclusion, no response is required. The remaining allegations in Paragraph 15 are denied.

16.     The allegations in Paragraph 16 state a legal conclusion to which no response is required.

17.     As to the allegations contained in Paragraph 17, Hotchkiss admits that the health and welfare of its students was a high priority and that it assumed the responsibility to take reasonable and appropriate measures to provide a safe environment for all of its students. To the extent the allegations in Paragraph 17 state a legal conclusion, no response is required. The remaining allegations in Paragraph 17 are denied.

18.     The allegations in Paragraph 18 are denied.

19.     The allegations in Paragraph 19 are denied.

20.     To the extent the allegations contained in Paragraph 20 state a legal conclusion, no response is required. The remaining allegations in Paragraph 20 are denied.

21.     To the extent the allegations contained in Paragraph 21 state a legal conclusion, no response is required. The remaining allegations in Paragraph 21 are denied.

22. As to the allegations contained in Paragraph 22, Hotchkiss admits that Roy Smith was hired in 1970 as a teacher in the School's English department and that he also served as Hotchkiss' athletic trainer. The remaining allegations in Paragraph 22 are denied.

23. As to the allegations contained in Paragraph 23, Hotchkiss admits that Roy Smith served as Hotchkiss' athletic trainer and, in this position, assisted students in and outside the boys' athletic locker room. Hotchkiss also admits that Smith's apartment was located on Hotchkiss' campus. The remaining allegations in Paragraph 23 are denied.

24. As to the allegations contained in Paragraph 24, Hotchkiss admits that the quoted language is contained in the 1988 *Mischianza* school yearbook. As to the remaining allegations in Paragraph 24, Hotchkiss lacks sufficient information on which to form a belief as to their truth and, therefore, leaves the Plaintiff to his proof.

25. The allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 are denied.

27. As to the allegations contained in Paragraph 27, Hotchkiss admits that the quoted language is contained in the 1988 *Mischianza* school yearbook and that the quote was attributable to a former student. The student testified under oath that he has no recollection as to why he wrote the quoted language and that he never had any sexual contact with Roy Smith or witnessed Mr. Smith engaged in any sexual contact with anyone else.

28. As to the allegations in Paragraph 28, Hotchkiss admits that some faculty members, including Roy Smith, resided in apartments located in buildings where students resided. The remaining allegations contained in Paragraph 28 are denied.

29. As to the allegations in Paragraph 29, Hotchkiss admits that Roy Smith, in his capacity as a English teacher, assisted students with their school work and that on some occasions, met with students in his apartment. The remaining allegations in Paragraph 29 are denied.

30. As to the allegations in Paragraph 30, Hotchkiss admits that Ernest Kolowrat published a book titled "Hotchkiss: A Chronical of an American School." The remaining allegations in Paragraph 30 are denied.

31. As to the allegations in Paragraph 31, Hotchkiss admits that it's counsel engaged a law firm to conduct an independent investigation into reports of sexual misconduct and that, at the conclusion of the investigation, Hotchkiss publicly released the law firm's final investigative report. As the investigation was independently conducted, Hotchkiss lacks knowledge as to the total number of alumni or former faculty that contacted the law firm or whether these individuals "report[ed] incidents of child sexual abuse", and accordingly, Hotchkiss leaves Plaintiff to his proof. The remaining allegations in Paragraph 31 are denied.

32. The allegations in Paragraph 32 are denied.

33. As to the allegations in Paragraph 33, Hotchkiss denies that it had "a strong protective culture that discouraged reporting and actively retaliated against reporters." As to the remaining allegations in Paragraph 33, Hotchkiss lacks sufficient information upon on which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

34. To the extent the allegations in Paragraph 34 state a legal conclusion, no response is required. The remaining allegations in Paragraph 34 are denied.

35. As to the allegations in Paragraph 35, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

36. As to the allegations in Paragraph 36, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

37. As to the allegations in Paragraph 37, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

38. To the extent the allegations in Paragraph 38 state legal conclusion, no response is required. The remaining allegations contained in Paragraph 38 are denied.

39. The allegations contained in Paragraph 39 are denied.

40. As to the allegations in Paragraph 40, Hotchkiss admits that "dorm heads" are assigned to oversee student dormitories and that Roy Smith once served as a dorm head after Plaintiff left the School. The remaining allegations contained in Paragraph 40 are denied.

41. As to the allegations in Paragraph 41, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

42. As to the allegations in Paragraph 42, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

43. As to the allegations in Paragraph 43, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

44. As to the allegations in Paragraph 44, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

45. As to the allegations in Paragraph 45, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

46. As to the allegations in Paragraph 46, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

47. As to the allegations in Paragraph 47, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

48. As to the allegations in Paragraph 48, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

49. As to the allegations in Paragraph 49, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

50. As to the allegations in Paragraph 50, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

51. As to the allegations in Paragraph 51, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

52. As to the allegations in Paragraph 52, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

53. As to the allegations in Paragraph 53, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

54. As to the allegations in Paragraph 54, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

55. As to the allegations in Paragraph 55, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

56. As to the allegations in Paragraph 56, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

57. As to the allegations in Paragraph 57, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

58. As to the allegations in Paragraph 58, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

59. As to the allegations in Paragraph 59, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

60. As to the allegations in Paragraph 60, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

61. As to the allegations in Paragraph 61, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

62. As to the allegations in Paragraph 62, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

63. As to the allegations in Paragraph 63, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

64. As to the allegations in Paragraph 64, Hotchkiss admits that in Richard Roe's upper-mid spring report card, a teacher wrote "[Richard] will be unhappy with his year average in [this course], as am I. From April on, [Richard] really dropped the ball in [this course]...." The remaining allegations contained in Paragraph 64 are denied.

65. As to the allegations in Paragraph 65, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

66. As to the allegations in Paragraph 66, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

67. As to the allegations in Paragraph 67, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

## V. FIRST CLAIM FOR RELIEF (NEGLIGENCE)

68. The responses of Hotchkiss to Paragraphs 1 through 67 are hereby incorporated as Paragraph 68 of Hotchkiss' Answer to Plaintiff's First Claim for Relief, as if fully set forth herein.

69. As to the allegations in Paragraph 69, Hotchkiss admits that it assumed responsibility to take reasonable and appropriate measures to provide a safe environment for all of its students. The remaining allegations in Paragraph 69 are denied.

70. The allegations in Paragraph 70 are denied.

71. As to the allegations in Paragraph 71, Hotchkiss admits that it assumed responsibility to take reasonable and appropriate measures to provide a safe environment for its students. To the extent that the allegations in Paragraph 71 state a legal conclusion, no response is required. The remaining allegations contained in Paragraph 71 are denied.

72. As to the allegations in Paragraph 72, Hotchkiss admits that it assumed responsibility to take reasonable and appropriate measures to provide a safe environment for its students. The remaining allegations contained in Paragraph 72 are denied.

73. The allegations contained in Paragraph 73 are denied.

74. The allegations contained in Paragraph 74 are denied.

75. The allegations contained in Paragraph 75 are denied.

76. To the extent the allegations contained in Paragraph 76 state a legal conclusion, no response is required. The remaining allegations in Paragraph 76 are denied.

77. To the extent the allegations contained in Paragraph 77 state a legal conclusion, no response is required. The remaining allegations in Paragraph 77 are denied.

78. The allegations contained in Paragraph 78 are denied.

79. To the extent the allegations contained in Paragraph 79 state a legal conclusion, no response is required. The remaining allegations in Paragraph 79 are denied.

80. To the extent the allegations contained in Paragraph 80 state a legal conclusion, no response is required. The remaining allegations in Paragraph 80 are denied.

81. The allegations contained in Paragraph 81 are denied.

82. As to the allegations in Paragraph 82, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore, leaves Plaintiff to his proof.

83. As to the allegations in Paragraph 83 that Plaintiff suffers any "permanent impairment" to his "ability to engage in normal life activities", Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore leaves Plaintiff to his proof. The remaining allegations in Paragraph 83 are denied.

84. As to the allegations in Paragraph 84, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore leaves Plaintiff to his proof.

85. As to the allegations in Paragraph 85, Hotchkiss lacks sufficient information upon which to form a belief as to their truth and, therefore leaves Plaintiff to his proof.

86. The allegations contained in Paragraph 86 are denied.

87. The allegations contained in Paragraph 87 are denied.

88. The allegations contained in Paragraph 88 are denied.

89. To the extent the allegations in Paragraph 89 state a legal conclusion, no response is required. The remaining allegations in Paragraph 89 are denied.

## VI. SECOND CLAIM FOR RELIEF (RECKLESSNESS)

90. The responses of Hotchkiss to Paragraphs 1 through 89 are hereby incorporated as Paragraph 90 of Hotchkiss' Answer to Plaintiff's Second Claim for Relief, as if fully set forth herein.

91. The allegations contained in Paragraph 91 are denied.

92. The allegations contained in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied.

94. To the extent the allegations in Paragraph 94 state a legal conclusion, no response is required. The remaining allegations in Paragraph 94 are denied.

## VII. THIRD CLAIM FOR RELIEF (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

95. The responses of Hotchkiss to Paragraphs 1 through 94 are hereby incorporated as Paragraph 95 of Hotchkiss' Answer to Plaintiff's Third Claim for Relief, as if fully set forth herein.

96. To the extent the allegations in Paragraph 96 state a legal conclusion, no response is required. The remaining allegations in Paragraph 96 are denied.

97. To the extent the allegations in Paragraph 97 state a legal conclusion, no response is required. The remaining allegations in Paragraph 97 are denied.

98. The allegations contained in Paragraph 98 are denied.

99. To the extent the allegations in Paragraph 99 state a legal conclusion, no response is required. The remaining allegations in Paragraph 99 are denied.

## VIII. FOURTH CLAIM FOR RELIEF (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

100. No response is necessary as the Court granted Hotchkiss' Motion to Dismiss as to Plaintiff's Fourth Count.

101. No response is necessary as the Court granted Hotchkiss' Motion to Dismiss as to Plaintiff's Fourth Count.

102. No response is necessary as the Court granted Hotchkiss' Motion to Dismiss as to Plaintiff's Fourth Count.

103. No response is necessary as the Court granted Hotchkiss' Motion to Dismiss as to Plaintiff's Fourth Count.

104. No response is necessary as the Court granted Hotchkiss' Motion to Dismiss as to Plaintiff's Fourth Count.

## IX. FIFTH CLAIM FOR RELIEF (BREACH OF FIDUCIARY DUTY)

105. The responses of Hotchkiss to Paragraphs 1 through 104 are hereby incorporated as Paragraph 105 of Hotchkiss' Answer to Plaintiff's Fifth Claim for Relief, as if fully set forth herein.

106. To the extent the allegations in Paragraph 106 state a legal conclusion, no response is required. The remaining allegations in Paragraph 106 are denied.

107. The allegations contained in Paragraph 107 are denied.

108. The allegations contained in Paragraph 108 are denied.

109. To the extent the allegations in Paragraph 109 state a legal conclusion, no response is required. The remaining allegations in Paragraph 109 are denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's injuries are not the direct and proximate result of any act and/or omission and/or other conduct by Hotchkiss.

**SECOND AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief may be granted against Hotchkiss.

<div style="margin-left:50%">

DEFENDANT,
THE HOTCHKISS SCHOOL

By *Bradford S. Babbitt*
   Jeffery J. White (ct25781)
   E-mail: jwhite@rc.com
   Bradford S. Babbitt (ct13938)
   E-mail: bbabbitt@rc.com
   Kathleen E. Dion (ct28605)
   E-mail: kdion@rc.com
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103-3597
   Tel. No.: (860) 275-8200
   Fax No.: (860) 275-8299

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this date, August 6, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                */s/ Bradford S. Babbitt*
                                Bradford S. Babbitt